In the Matter of the Petition of Caroline Von Der Lin and Simon J. Von Der Lin, Appellants, to Vacate the Decree Admitting to Probate the Last Will and Testament of Karl, Also Known as Carl Heidinger, Deceased, and Revoke the Letters Testamentary Issued Thereon to Corn Exchange Bank Trust Company. Corn Exchange Bank Trust Company, as Executor, etc., of Karl Heidinger, Also Known as Carl Heidinger, Deceased, Respondent.— Motion for leave to appeal to the Court of Appeals denied. The petitioners, appellants, are husband and wife. Caroline Von Der Lin is a daughter of the above-named deceased, and Simon J. Von Der Lin is her husband. These petitioners filed a claim with the executor of the estate on the 17th day of June, 1930. Thereafter, and on the 20th day of June, 1930, the claim was rejected in writing. Thereafter, and within three months of the rejection, an action was commenced, not by both of these petitioners, but by the wife, Caroline, in the Supreme Court, Queens county. Caroline's complaint in that action rests upon the allegation that for the period between the 1st day of June, 1924, and the 27th day of February, 1929, she furnished the deceased with board and lodging for which he agreed to pay the sum of ten dollars a week. The husband, petitioner Simon, was then in the position of having a claim duly rejected but upon which no action had been brought. The Surrogate's Court Act (§ 211) provides that unless a claimant shall institute an action within three months after the rejection of a claim, he shall be forever barred from maintaining such action, and in such case his claim shall be determined upon the judicial settlement of the executor's account. Evidently believing that a tactical error had been made in not instituting an action on the part of the husband, an order was granted by the Supreme Court permitting an amendment of the summons and complaint by adding the husband as a party plaintiff. That order was reversed by this court (238 App. Div. 809). Thereupon, this proceeding was instituted directly attacking the decree admitting the will to probate in Richmond county, on the ground that the court had no jurisdiction to admit the will to probate in that county. The will was admitted to probate on the 31st day of March, 1930, and the estate has been fully administered with the exception of the determination of petitioners' claim. The result sought to be accomplished

by this proceeding is obvious, and should be tolerated only in the event of the establishment of appellants' clear and absolute right. Appellant Simon was not a proper or necessary party to the probate proceeding and, therefore, has no standing in a proceeding to vacate the decree admitting the will to probate. If the estate of the decedent was indebted to him, as he claims, he was under no obligation to accept the forum in which the will was probated, since he had the right to institute a common-law action in any other court having jurisdiction of such actions. Petitioners conceded in their brief upon this appeal, and argued it affirmatively, that the wife, Caroline, has no interest in the claim for the reason that the earnings of the wife " from board and lodging furnished in their home " belonged to the husband, citing *Matter of Grogan* (82 Misc. 555). The wife, Caroline, as the daughter of the decedent, is in no better position, since part of the proof upon which the Surrogate's Court of Richmond county assumed jurisdiction was supplied by her in her waiver and consent to the admission of the will to probate, in which it was recited that the deceased was " late of the County of Richmond." Present — Lazansky, P. J., Hagarty, Carswell, Scudder and Tompkins, JJ.